Fuld, J. (dissenting).
The gun, upon which the prosecution of the defendant was predicated, should not have been received in evidence since, in my view, it was illegally obtained by an impermissible search of the defendant’s brief case. (See Mapp v. Ohio, 367 U. S. 643; People v. O’Neill, 11 N Y 2d 148; People v. Loria, 10 N Y 2d 368.)
It appears that the defendant, while standing in the lobby of the building where his office was located, was taken into custody by several police officers for questioning about some “matter” — the nature of which was not disclosed —other than the present charge and directed by the officers to get into their squad car. The defendant, who was carrying a brief case at the time, sat in the middle of the rear seat between two policemen, while a third was in front behind the steering wheel: After the officers on each side of him had completed a so-called "frisk " of his person, which produced nothing, one of them took the brief case from the defendant’s lap, opened it and found a loaded gun. The police also removed from the bag—and, at the trial, placed in evidence along with the weapon — a document bearing the defendant’s name.
The search of the brief case may not be justified as incident to a lawful arrest for, on the basis of the record before us, probable cause for such action was not established. Nor, in my opinion, may it be upheld as a “ frisk ” on the strength of this court’s decision in People v. Rivera (14 N Y 2d 441).[1] In Rivera (14 N Y 2d 441, 447, supra), the court sustained the validity of a frisk—that is, “a contact or patting of the [defendant’s] outer clothing” — on the ground that it was a procedure necessary for the protection of police officers, “ as an incident to inquiry upon grounds of elemental safety and precaution, ’ ’ once they decide to stop a suspiciously acting person and question him. Thus, it was said, in the balancing of interests, the invasion of privacy, occasioned by the police tactic *71 of patting an individual ’s “ outer clothing ”, is outweighed by a regard for ‘ ‘ the security of the public order and the lives of the police ” (14 N Y 2d, at p. 447).
In the case before us, it cannot reasonably be urged that the lives or the safety of the three policemen required a search of the defendant’s brief case. After taking Pugach into custody, the officers had assured themselves, by resort to the sort of frisk involved in Rivera, that he had no gun on his person and, if they felt or suspected that the brief case might contain a weapon, they could easily have protected themselves against its possible use, without resorting to a search of the bag, by simply placing it on the front seat of the car, out of reach of the defendant. With such an obvious alternative at hand, the opening of the brief case by the police and their searching through its contents cannot be justified upon grounds of “ elemental safety and precaution ” but must, instead, be stamped as an impermissible violation of the individual’s constitutional right not to be searched except pursuant to a search warrant or as an incident to a lawful arrest. (See, e.g., Beck v. Ohio, 379 U. S. 89; Rios v. United States, 364 U. S. 253, 261-262; People v. Loria, 10 N Y 2d 368, 373, supra.)
As strongly as judges may condemn a defendant’s illegal possession of a gun or other contraband and as much as they may desire not to preclude the development of “ workable rules governing arrests, searches and seizures to meet ' the practical demands of effective criminal investigation and law enforcement ’ ” (Ker v. California, 374 U. S. 23, 34), courts may not uphold a search which is unreasonable by merely giving it a different label. The conduct of the officers in this ease, despite their good intentions, amounted to a blatant violation of Fourth Amendment rights, and I see no alternative but to invoke the exclusionary rule mandated by Mapp (367 U. S. 643, supra) and reverse the defendant’s conviction.
Chief Judge Desmond and Judges Van Voorhis, Burke, Scileppi and Bergan concur with Judge Dye; Judge Fuld dissents in a separate opinion.
Judgment affirmed.

. After observing in the Rivera case that a “frisk”, as it is generally-understood in police usage, “is a contact or patting of the outer clothing of a person to detect by-the sense of touch if a concealed weapon is being carried ” (14 N Y 2d, at p. 446), the court went on to say, “Ultimately the validity of the frisk narrows down to whether there is or is not a right by the police to touch the person questioned. The sense of exterior touch here involved is not very far different from the sense of sight or hearing — senses upon which police customarily act” (p. 447).